# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria Hanft<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Alltran Financial, LP,<br><br>　　　　Defendant. | Civil Action No. 0:20-cv-2201<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Maria Hanft, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of the Defendant Alltran Financial, LP's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant Alltran Financial, LP transacts business here.

**PARTIES**

5. Plaintiff Maria Hanft (hereinafter "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Alltran Financial, LP (hereafter "Defendant"), is a Limited Partnership and recognized under the laws of Minnesota and it is operating from an address 1010 Dale Street North, St. Paul, MN 55117.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff allegedly incurred a financial obligation with USAA Savings Bank, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Sometime on or before July 22, 2020, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff.

11. On a date after July 22, 2020, Plaintiff received a letter from Defendant notifying Plaintiff that the alleged USAA Savings Bank debt was being referred to

Defendant for collections from Plaintiff. (*See Ex. 1 – July 22, 2020 Letter from Defendant*).

12. On or about August 5, 2020, Plaintiff attorney, Blake Bauer, sent a letter of representation directly to Defendant and requested that Defendant validate the alleged debt. (*See Ex. 2 – Letter of Representation*).

13. Plaintiff's attorney sent the letter of representation by certified mail and had a USPS tracking number of 7020 0640 0001 0659 3265. (*See Ex. 2 – Letter of Representation*).

14. Defendant received the letter of representation on August 11, 2020 at 9:53 a.m. (*See Ex. 3 – USPS Tracking Confirmation*).

15. On a date after August 24, 2020, Plaintiff received a letter from Defendant dated August 24, 2020, notifying Plaintiff that it wished to extend a settlement offer to Plaintiff for the alleged USAA Savings Bank debt. (*See Ex. 4 – August 24, 2020 Letter from Defendant*).

16. On or about September 2020, Plaintiff received another letter from Defendant dated September 17, 2020, notifying Plaintiff again that it wished to extend a settlement offer to Plaintiff for the alleged USAA Savings Bank debt. (*See Ex. 5 – September 17, 2020 Letter from Defendant).*

17. Defendant's August 24th and September 17 letters violated 15 U.S.C. § 1692c(a)(2) because Defendant's letters communicated with Plaintiff in an attempt to collect a debt when Defendant had actual knowledge that Plaintiff was represented by an attorney.

3

18. Plaintiff has incurred actual damages in the form of fear of answering the telephone, nervousness, as well as, other forms of emotional distress.

19. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

## Respondeat Superior Liability

20. The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

21. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

23. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## **TRIAL BY JURY**

24. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

25. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

26. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et seq*.

27. As a result of said violations, Plaintiff has suffered actual damages in the form of fear of answering the telephone, nervousness, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

29. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may deem just and proper.

Dated: October 20, 2020.                **FIELDS LAW FIRM**

By: *s/Blake R. Bauer*
Blake R. Bauer (Bar No: 0396262)
Attorneys for Plaintiff
Fields Law Firm
9999 Wayzata Boulevard
Minnetonka, Minnesota 55305
Telephone: 612-206-3489
Fax: 612-370-4256
Email: Blake@FieldsLaw.com