# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria Hanft, | Case No. 20-cv-02201 (WMW/ECW) |
| Plaintiff, | |
| v. | **DEFENDANT, ALLTRAN FINANCIAL, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| Alltran Financial, LP, | |
| Defendant. | |

NOW COMES Defendant, Alltran Financial, LP ("Alltran"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

## PRELIMINARY STATEMENT

1. Alltran admits only that plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies any and all violations, liability, damages, and/or wrongdoing. Except as specifically admitted, Alltran denies the allegations in ¶ 1.

## JURISDICTION

2. Alltran denies the allegations in ¶ 2 as calling for a legal conclusion.

3. Alltran denies the allegations in ¶ 3.

4. Alltran denies the allegations in ¶ 4 as calling for a legal conclusion.

## PARTIES

5.      Alltran admits upon information and belief that Plaintiff is a natural person. Except as specifically admitted, Alltran denies the allegations in ¶ 5 as calling for a legal conclusion.

6.      Alltran admits only that it is a Limited Partnership. Except as specifically admitted, Alltran denies the allegations in ¶ 6.

7.      Alltran admits only that part of its business involves the collection of accounts and obligations and that it uses the mail and telephone in its ordinary business activities. Except as specifically admitted, Alltran denies the allegations in ¶ 7.

## FACTUAL ALLEGATIONS

8.      Alltran admits upon information and belief that Plaintiff incurred a financial obligation with USAA Savings Bank. Except as specifically admitted, Alltran denies the allegations in ¶ 8 as calling for a legal conclusion.

9.      Alltran denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

10.     Alltran admits only that USAA Savings Bank placed plaintiff's account with it for collection. Except as specifically admitted, Alltran denies the allegations in ¶ 10.

11.     Upon information and belief, Alltran admits it sent plaintiff correspondence dated July 22, 2020.

12.     Alltran denies the allegations in ¶ 12 as written.

13.     Alltran denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. Alltran denies the allegations in ¶ 14.

15. Upon information and belief, Alltran admits it sent plaintiff correspondence dated August 24, 2020.

16. Upon information and belief, Alltran admits it sent plaintiff correspondence dated September 17, 2020.

17. Alltran denies the allegations in ¶ 17.

18. Alltran denies the allegations in ¶ 18.

19. Alltran denies the allegations in ¶ 19.

## **Respondeat Superior Liability**

20. Alltran denies the allegations in ¶ 20.

21. Alltran denies the allegations in ¶ 21.

22. Alltran denies the allegations in ¶ 22.

23. Alltran denies the allegations in ¶ 23.

## **TRIAL BY JURY**

24. Alltran admits only that plaintiff has requested a trial by jury but denies plaintiff is entitled to any relief. Except as specifically admitted, Alltran denies the allegations in ¶ 24.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

25. The allegations in ¶ 25 are not directed towards Alltran and do not require an affirmative response. To the extent that a response is required, Alltran denies the allegations in ¶ 25.

26. Alltran denies the allegations in ¶ 26.

27. Alltran denies the allegations in ¶ 27.

28. Alltran denies the allegations in ¶ 28.

29. Alltran denies the allegations in ¶ 29.

### PRAYER FOR RELIEF

Alltran denies any and all violations of the FDCPA and further denies plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

1. To the extent that any violation is established, any such violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. Alltran denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of Alltran's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4.	Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5.	Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Alltran and were beyond the control or supervision of Alltran or for whom Alltran was and is not responsible or liable.

6.	Plaintiff fails to state a claim against Alltran upon which relief may be granted.

7.	Upon information and belief, plaintiff's claims are subject to a binding arbitration agreement.

**ERSTAD & RIEMER, P.A.**

Dated: 11/24/2020

By: s/Thomas H. Schaefer
Thomas H. Schaefer, #0231587
Samantha R. Alsadi, #0399482
7301 Ohms Lane, Suite 400
Minneapolis, MN 55439
Direct Phone/Facsimile: 952-837-3250
E-Mail: tschaefer@erstad.com

*Attorneys for Defendant*
*Alltran Financial, LP*